IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REECO DENNIS, | ) | Case No. 1:19-CV-749 |
| | ) | |
| Petitioner, | ) | JUDGE JACK ZOUHARY |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| DAVID MARQUIS, Warden, | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |
| | ) | |

This matter comes before the court on Petitioner Reeco Dennis's motion to strike (ECF Doc. 10) filed in response to Respondent David Marquis's motion to dismiss. ECF Doc. 9. The court may strike matter from a *pleading* if it raises an insufficient defense or is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). It is not appropriate to strike a motion under Rule 12(f), nor does respondent's motion raise matter that should be stricken. The motion does not present an insufficient defense or contain redundant, immaterial, impertinent, or scandalous matter.

Petitioner also argues that respondent's motion failed to comply with this court's initial order, dated May 20, 2019, which states that "[i]f respondent moves to dismiss a ground for relief on procedural default, he or she shall still brief the merits of the claim." ECF Doc. 6 at 2. However, respondent moved to dismiss on exhaustion grounds, a different, albeit related, doctrine.

A state prisoner must exhaust his state remedies before bringing his claim in a federal habeas corpus proceeding. 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). Exhaustion is fulfilled once a state supreme court provides a convicted defendant an opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). A habeas petitioner satisfies the exhaustion requirement when the highest court in the state in which the petitioner has been convicted has had a full and fair opportunity to rule on the claims. *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir. 1990). If under state law there remains a remedy that a petitioner has not yet pursued, exhaustion has not occurred and the federal habeas court cannot entertain the merits of the claim. *Rust*, 17 F.3d at 160. Petitioner Dennis may still have the ability to raise claims in state court and he bears the burden of proving exhaustion. *Id.* Because respondent moved to dismiss on exhaustion grounds, he has not violated this court's order. And, this court cannot entertain the merits of petitioner's claims if they have not been exhausted.

In addition, although the court ordered that "respondent shall file an answer ('return of writ') to the petition," it did so in a general scheduling order. Respondent did not file a return of writ within sixty (60) days from the date of the previous order, but he did file his motion to dismiss within his allotted time. Respondent's motion raises colorable issues deserving of consideration by this court before briefing on the merits. Petitioner's motion to strike is not well taken and is hereby DENIED. Petitioner is ordered to file any brief in opposition to respondent's motion to dismiss within forth-five (45) days from the date of this order. Briefing on the merits of this claim shall be deferred until after this court has ruled on respondent's motion to dismiss.

Dated: September 9, 2019

                                                Thomas M. Parker
                                                United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).