IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| REECO DENNIS, ) | Case No. 1:19-CV-00749 |
| ) | |
| Petitioner, ) | JUDGE JACK ZOUHARY |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| DAVID MARQUIS, Warden, ) | |
| ) | |
| Respondent. ) | **REPORT & RECOMMENDATION** |
| ) | |

**I.     Introduction**

Petitioner, Reeco Dennis, an Ohio prisoner serving an aggregate prison sentence of 19 years for rape and kidnapping, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 4, 2019. ECF Doc. 1, ECF Doc. 9-1 at 18. On July 18, 2019, Warden David Marquis filed a motion to dismiss arguing that seven of Dennis's nine claims for relief – Grounds One through Seven – are unexhausted. ECF Doc. 9. Dennis filed a memorandum in opposition on September 27, 2019. ECF Doc. 13.

This matter is before me by an automatic order of reference under Local Rule 72.2 for preparation of a report and recommendation on Dennis's petition and any potentially case-dispositive motions such as the warden's motion to dismiss. Because Dennis has not shown the necessary good cause and merits of the affected claims, I recommend that the court GRANT respondent's motion to dismiss. However, because Dennis's Ground Eight and Ground Nine claims are exhausted and would be barred by AEDPA's statute of limitations if they had to be re-filed, I also recommend that the Court grant Dennis leave to file an amended petition that omits

his unexhausted claims (Ground One through Ground Seven) and proceed to judgment on his Ground Eight and Ground Nine claims.

## II. Procedural History

### A. State Conviction, Case No. 2015-CR-00137

On March 2, 2016, a Cuyahoga County Grand Jury indicted Dennis on one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2) and one count of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4), both with firearm specifications. ECF Doc. 9-1 at 4-5. He pleaded not guilty. ECF Doc. 9-1 at 6.

On April 18, 2016, Dennis moved for forensic testing at the state's expense. ECF Doc. 9-1 at 7. On June 21, 2016, he moved under Ohio Evid. Rule 404(B) to preclude the state's use of other act evidence. ECF Doc. 9-1 at 11. On July 5, 2016, the trial court denied the motion to preclude. ECF Doc. 9-1 at 16.

On July 6, 2016, a jury returned guilty verdicts on rape as charged in Count One and kidnapping as charged in Count Two of the indictment. The jury found Dennis not guilty of the associated firearm specifications. ECF Doc. 9-1 at 17. In a journal entry dated July 12, 2016, the trial court sentenced Dennis to serve a prison term of 11 years on Count One and a consecutive prison term of 8 years on Count Two, for an aggregate prison sentence of 19 years. The court also ordered this sentence to be served consecutive to a sentence on another case, No. CR 598782. ECF Doc. 9-1 at 18.

### B. Direct Appeal

On July 18, 2016, Dennis filed a notice of appeal. ECF Doc. 9-1 at 20. Through counsel, he filed a brief with the following assignments of error:

**ASSIGNMENT OF ERROR I:**
The trial court erred by admitting state's exhibit 4 (medical records) over appellant's objection and in violation of Evidence Rules 401, 402, 403, and 801.

**ASSIGNMENT OF ERROR II:**
The trial court erred when the jury was not instructed on the lesser included offense of gross sexual imposition.

**ASSIGNMENT OF ERROR III:**
The trial court erred by denying appellant's Crim. R. 29 motions because the convictions were not supported by sufficient evidence.

**ASSIGNMENT OF ERROR IV:**
The convictions were against the manifest weight of the evidence.

**ASSIGNMENT OF ERROR V:**
The trial court erred by not ruling on appellant's motion for independent forensic testing thereby violating appellant's due process rights.

**ASSIGNMENT OF ERROR VI:**
Appellant was denied the effective assistance of counsel.

**ASSIGNMENT OF ERROR VII:**
The trial court erred by denying appellant's motion for merger of the offenses as allied offenses for the purpose of sentencing in violation of O.R.C. 2941.25.

**ASSIGNMENT OF ERROR VIII:**
Appellant's sentence is contrary to law and the record does not support the imposition of consecutive sentences.

ECF Doc. 9-1 at 26. The state filed a brief on January 5, 2017. ECF Doc. 9-1 at 49. On June 22, 2017, the Ohio Court of Appeals affirmed Dennis's conviction and sentence. ECF Doc. 9-1 at 11; *State v. Dennis,* 2017-Ohio-4437, 93 N.E.3d 277 (8th Dist.). Dennis did not appeal this decision to the Ohio Supreme Court.

### C. Application to Reopen Appeal under Ohio App. R. 26(B)

On September 8, 2017, Dennis filed a *pro se* application to reopen his appeal under Ohio App. R. 26(B). ECF Doc. 9-1 at 90. Dennis argued ineffective assistance of appellate counsel based on counsel's failure to assign the following error on direct appeal:

> **ASSIGNMENT OF ERROR 1**
> Appellant was denied his right to a fair trial and impartial jury in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution resulting from the service of Juror 7 and Juror 8 on his jury and his right to effective assistance of counsel in violation of the Sixth Amendment to the U.S. Constitution.

ECF Doc. 9-1 at 93. Dennis argued that Jurors 7 and 8 had both been victims of sexual assault and so they were presumed biased against him. ECF Doc. 9-1 at 96-97. He argued that the trial court should have *sua sponte* removed these jurors for cause and that his trial counsel should have moved to have them removed for cause. ECF Doc. 9-1 at 100-101. He argued that he had received ineffective assistance of appellate counsel because the issues raised in his appeal were "clearly and significantly weaker." ECF Doc. 9-1 at 101-102. The state opposed Dennis's application (ECF Doc. 9-1 at 109) and Dennis replied. ECF Doc. 9-1 at 118. The Ohio Court of Appeals denied Dennis's application on the merits. ECF Doc. 9-1 at 123.

On July 26, 2018, Dennis filed a notice of appeal with the Ohio Supreme Court. ECF Doc. 9-1 at 136. Dennis's *pro se* memorandum in support of jurisdiction presented the following propositions of law:

> **Proposition of Law 1:** An appellant is deprived effective assistance of appellate counsel when counsel fail to raise a meritorious claim regarding the trial court's failure to remove bias jurors – who are themselves victims of sexual assault – from being seated on a rape trial.
>
> **Proposition of Law 2:** An appellant is deprived effective assistance of appellate counsel when counsel fail to raise a meritorious claim regarding trial counsel's ineffectiveness for not removing bias jurors – who are victims of sexual assault – from serving on defendant's rape jury trial.

4

ECF Doc. 9-1 at 138. On October 10, 2018, the Supreme Court declined jurisdiction and dismissed the appeal. ECF Doc. 9-1 at 165.

### III. Federal Habeas Petition

On April 4, 2019 Dennis filed a *pro se*, petition for writ of habeas corpus. ECF Doc. 1. Dennis's petition asserts nine grounds for relief:

> **GROUND ONE:** Trial court erred by admitting state's exhibit over petitioner's objection in violation of Evid. R. 401, 402, 403 and 801.
>
> **GROUND TWO:** The trial court erred when the jury was not instructed on the lesser included offense of gross sexual imposition.
>
> **GROUND THREE:** The trial court erred by denying petitioner's Crim. R. 29 motion for acquittal where the evidence was insufficient to convict.
>
> **GROUND FOUR:** The trial court erred by not ruling on petitioner's motion for independent forensic testing.
>
> **GROUND FIVE:** Petitioner was denied the effective assistance of counsel.
>
> **GROUND SIX:** The trial court erred by denying petitioner's motion for merger of the offenses as allied offenses for the purpose of sentencing in violation of R.C. 2941.25.
>
> **GROUND SEVEN:** The evidence is insufficient to support the trial court's imposition of consecutive sentences.
>
> **GROUND EIGHT:** Appellate counsel was ineffective in failing to raise a meritorious claim regarding the trial court's failure to remove biased jurors who are themselves victims of sexual assault from being seated on a rape trial.
>
> **GROUND NINE:** Appellate counsel was ineffective in failing to challenge trial counsel's failure to remove biased jurors who were themselves either victims of sexual assault or knew someone who was.

ECF Doc. 1.

On July 18, 2019, Warden Marquis moved to dismiss Dennis's petition based on the argument that the Ground One through Ground Seven claims have not been exhausted. ECF Doc. 9.

**IV.	Law and Analysis**

    **A.	Exhaustion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Dennis's petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 326–27 (1997); *Murphy v. Ohio*, 551 F.3d 485, 493 (6th Cir. 2009). Under AEDPA, state prisoners must either exhaust all possible state remedies or have no remaining state remedies before a federal court can review a petition for writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Rose v. Lundy*, 455 U.S. 509, 515–19 (1982). This entails giving the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) ("The highest court in the state in which the petitioner was convicted [must have] been given a full and fair opportunity to rule on the petitioner's claims.").

Dennis admits that his Ground One through Ground Seven claims are unexhausted. ECF Doc. 13 at 1.

    **B.	Statutory Tolling**

Because Dennis did not exhaust his Grounds One through Seven claims, but did exhaust his Grounds Eight and Nine claims, his habeas petition is a "mixed petition". *See Rhines v. Weber*, 544 U.S. 269, 271, (2005). When a court is presented with a mixed petition, the entire petition may be dismissed without prejudice. *See Rose*, 455 U.S. at 510. When a mixed petition is dismissed, and the petitioner thereafter exhausts his state court remedies, the petitioner may file a new habeas petition without his petition being treated as an unauthorized second or successive petition. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000).

After AEDPA established a one-year statute of limitations on habeas petitions, however, the Supreme Court determined that the dismissal of an entire petition could potentially preclude

the petitioner from bringing his already-exhausted claims in a new petition. *See Rhines*, 544 U.S. at 274–75. To avoid statute of limitations problems, the Court held that district courts may use their inherent stay authority to hold in abeyance mixed habeas petitions in order to allow the petitioner the opportunity to bring unexhausted claims to conclusion in state court. *Id.* at 275 (noting that, without the use of inherent stay authority, habeas petitioners would run the risk of forever losing their opportunity for federal review of their unexhausted claims). However, the Supreme Court warned that the frequent stay and abeyance of mixed federal habeas petitions could: (1) undermine AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings; and (2) decrease a petitioner's incentive to exhaust all his state claims before filing his federal petition. *Id.* at 277.

Thus, before considering whether a stay is appropriate, we must first determine whether the statute of limitations tolling provision under 28 U.S.C. § 2244(d)(2) would preserve the opportunity to litigate the petitioner's already-exhausted claims in a new petition filed after the unexhausted claims were fully considered in state court. *Cf. id.* at 276–77 (noting that Congress enacted AEDPA against the backdrop of the total exhaustion requirement, and that included a tolling provision in 28 U.S.C. § 2244(d)(2) in order to balance the interests served by the exhaustion requirement and the limitation period).

AEDPA's one-year limitations period begins to run when: (1) the judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review; (2) any improper state-created impediment to filing an application is removed; (3) a constitutional right asserted is recognized by the Supreme Court; or (4) the petitioner discovers, or could have discovered through due diligence, the factual predicate for his claim. 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period stops running (is "tolled") for "the time during which a

properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Rhines*, 544 U.S. at 274.

Here, the Ohio Supreme Court declined review of Dennis's exhausted claims on October 10, 2018, over a year ago and it does not appear that he has filed any post-conviction motions that might toll the statute. ECF Doc. 9-1 at 165. Thus, if the court were to dismiss Dennis's Ground 8 and Ground 9 claims, they would likely be barred by AEDPA's statute of limitations if re-asserted in a later-filed, post-exhaustion petition.

### C. Stay and Abeyance

If a petitioner's already-exhausted claims would not be tolled under 28 U.S.C. § 2244(d)(2), courts must consider the following factors when deciding whether to stay a mixed habeas petition: (1) whether the petitioner had good cause for failing to exhaust some of his claims in state court; (2) whether the unexhausted claims are plainly meritless; and (3) whether the petitioner has engaged in intentionally dilatory litigation tactics. *Rhines*, 544 U.S. at 277–78. When a stay is not appropriate and the AEDPA's statute of limitations would bar the petitioner from raising in a new petition his already-exhausted claims, the district court may permit the petitioner to amend his petition to remove his unexhausted claims and proceed on with his exhausted claims. *Id.* at 278.

Because Dennis's motion to stay did not toll the statute of limitations, the court must determine whether Dennis meets the requirements for a stay. Habeas petitioners bear the burden to demonstrate that they satisfy the three required elements to receive a stay. *Sueing v. Palmer*, 503 F. App'x 354, 357 (6th Cir. 2012).

8

1. **No Good Cause for Failing to Exhaust**

Dennis asserts that he has good cause for failing to exhaust his Ground One through Ground Seven claims. He represents that his appellate counsel failed to notify him of the denial of his direct appeal in the Ohio Court of Appeals. However, even if this were true, (Dennis has not submitted any statements or affidavits informing the court *when* he learned of the Ohio Court of Appeals' decision) he must have known that his appeal had been denied no later than September 2017 when he filed an application to reopen his appeal. He could have also filed a motion for leave to file a delayed appeal with the Ohio Supreme Court at that time. Instead, he waited until April 2019 to file his federal habeas petition, having only exhausted two of his nine claims. Given this timeframe and Dennis's failure to move for a delayed appeal, I must conclude that Dennis has not shown good cause for failing to exhaust his Ground One through Ground Seven claims.

2. **Plainly Meritless[1]**

To compound his problems, Dennis has not satisfied the requirement that he show that his claims are not plainly meritless. Ground One asserts that the trial court erred on an evidentiary ruling. Generally, "alleged errors in evidentiary rulings by state courts are not cognizable in federal habeas review." *Moreland v. Bradshaw*, 699 F.3d 908, 923 (6th Cir. 2012). We are required to presume that the Ohio state courts have correctly interpreted Ohio evidence law in their evidentiary rulings. *Small v. Brigano*, 134 F. App'x 931, 2005 WL 1432898, at *5 (6th Cir. 2005). State-court evidentiary rulings may "rise to the level of due process violations

---

[1] Dennis asserts that there has been a manifest injustice because he is actually innocent. ECF Doc. 13. However, he had not submitted any new evidence and seems to rely on his claim that the evidence was insufficient to prove his guilt. As further explained herein, this unsupported claim of actual innocence is insufficient to establish that Dennis had good cause for failing to exhaust his claims and/or that his claims have merit.

[if] they 'offend[] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'" *Seymour v. Walker,* 224 F.3d 542, 552 (6th Cir. 2000) (quoting *Montana v. Egelhoff,* 518 U.S. 37, 43, 116 S. Ct. 2013, 135 L. Ed. 2d 361 (1996)). They must be "so egregious that [they] result in a denial of fundamental fairness." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). But "courts 'have defined the category of infractions that violate 'fundamental fairness' very narrowly.'" Dennis has not shown that his Ground One claim challenges an egregious evidentiary ruling by the trial court. His Ground One claim is non-cognizable, and Dennis has not shown that it is *not* plainly meritless.

Dennis's Ground Two claim asserts that the trial court erred in not providing a lesser included offense jury instruction on gross sexual imposition. As with evidentiary rulings, claims of errors in jury instructions involve only matters of state law which are not cognizable in a federal habeas court unless they infect the entire trial or amount to a fundamental miscarriage of justice. *See Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007). As with Ground One, Dennis's Ground Two claim is non-cognizable on habeas review. He has not shown that it is not plainly meritless.

Dennis's Ground Three claim challenges the sufficiency of the state's trial evidence. The Ohio Court of Appeals rejected this claim, reasoning:

> {¶ 11} In the third and fourth assignments of error, Dennis argues that the findings of guilt are either unsupported by sufficient evidence or are against the manifest weight of the evidence. Although the standards of review differ, Dennis presented the same general arguments — that the evidence presented by the state was incredible.
>
> {¶ 12} A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable

doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. We cannot review the credibility of the evidence under the sufficiency of the evidence standard of review. Therefore, the third assignment of error is overruled.

{¶ 13} When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins* at 387. Reversing a conviction as being against the manifest weight of the evidence should be reserved for only the exceptional case in which the evidence weighs heavily against the conviction. *Id.*

{¶ 14} Dennis highlights several credibility concerns: (1) the victim was unable to identify her assailant; (2) the rape kit was tested by an independent contractor in 2004 and not the state agency; (3) the numbering of the original evidence bags did not match; (4) the state's expert tested the determinative sample, which identified Dennis, twice because the first test identified a different person; and (5) the victim was somehow incredible because Dennis's DNA was found on the victim's pants and not on her underclothing. All of these credibility concerns, however, were explored at trial.

{¶ 15} Further, this is not the exceptional case in which the evidence weighs heavily against the conviction. The jury was free to consider the arguments as presented, and from the test results of at least one of the DNA samples, the state's expert concluded that the probability that Dennis was not the contributor was infinitesimally small. In consideration of the fact that both Dennis and the victim agreed that neither knew the other, this evidence could be viewed as dispositive by a rational trier of fact. We overrule the fourth assignment of error.

*State v. Dennis,* 2017-Ohio-4437, 93 N.E.3d 277 (8th Dist.). The Ohio Court of Appeals' finding – that there was sufficient evidence supporting the jury's verdicts – was not contrary to federal law established in the decisions of the United States Supreme Court.[2] Dennis has not shown that his Ground Three claim has any merit.

---

[2] The Ohio Court of Appeals cited the standard for evaluating appellate claims challenging the sufficiency of trial court evidence established by the Ohio Supreme Court in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). The test articulated in *Jenks* is identical to the same standard established by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Dennis's Ground Four claim asserts that the trial court erred by not ruling on his motion for independent forensic testing. ECF Doc. 1 at 10. The Ohio Court of Appeals held that "due process did not require the state to provide expert assistance to an indigent defendant in the absence of a showing of need. *State v. Mason,* 82 Ohio St.3d 144, 150, 1998-Ohio-370, 694 N.E.2d 932. At trial, the state's expert conceded that most of the samples from the original rape kit had excluded Dennis as a contributor. Thus, he was able to make his point and did not need his own expert to establish this fact. The Ohio Court of Appeals concluded that Dennis had not shown a particularized need for his own forensic expert in this case. ECF Doc. 9-1 at 84-86. Dennis has not cited any U.S. Supreme Court precedent contrary to the decision of the Ohio Court of Appeals, and he has not met the burden of showing that Ground Four is not plainly meritless.

Dennis's Ground Five claim is an ineffective assistance of counsel claim alleging that his trial counsel's failure to move to dismiss based on pre-indictment delay and failure to compel the trial court to rule on his motion for an independent forensic test violated his due process rights. ECF Doc. 1 at 16. The Ohio Court of Appeals applied the correct U.S. Supreme Court test from *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984) and found that Dennis had not established that he had received ineffective assistance of counsel. The court reasoned that Dennis had not shown any basis for dismissal based on preindictment delay or that he had a particularized need for his own expert. Thus, his claim of ineffective assistance of counsel could not be based on these alleged insufficiencies. ECF Doc. 9-1 at 84-86. The Ohio Court of Appeals applied the correct legal standard and its decision was not contrary to any U.S. Supreme Court precedent. Dennis has not shown that his Ground Five claim has any merit.

Dennis's Ground Six claim asserts that the trial court erred in denying his motion for merger of allied offenses. Normally, a challenge to state court sentencing decisions does not raise a cognizable federal constitutional claim that can be considered in a federal habeas case. *See e.g., Sneed v. Donahue,* 993 F.2d 1239, 1244 (6th Cir. 1993). The Ohio Court of Appeals applied Ohio law and determined that Dennis's failure to merge argument was insufficient to sustain a reversal. ECF Doc. 9-1 at 86-88. This claim does not even implicate federal law let alone involve any claimed unreasonable application of U.S. Supreme Court precedent. Dennis has not met his burden of showing that his Ground Six claim is not plainly meritless.

Finally, Dennis's Ground Seven claim states that the evidence was insufficient to support the trial court's imposition of consecutive sentences. ECF Doc. 1 at 16. As stated above, Dennis's insufficient evidence claim lacks merit and any alleged error in the trial court's sentence involved only state law issues – making it not cognizable on habeas review. As with his other claims, Dennis has failed to show that his Ground Seven claim is not plainly meritless.

There is no indication that Dennis has employed any intentionally dilatory litigation tactics. Nonetheless, he has not met his burden to show that he had good cause for failing to exhaust his claims in state court or that his unexhausted claims are not plainly meritless. *Rhines*, 544 U.S. at 277–78. Because he has not met this burden, he is not entitled to a stay of his unexhausted claims.

**V.      Recommendations**

Dennis filed a mixed petition. He concedes that his Ground One through Ground Seven claims are unexhausted. For this reason, I recommend that the Court GRANT Warden Marquis' motion to dismiss. However, because Dennis has exhausted his Ground Eight and Ground Nine claims and because they would be barred by AEDPA's statute of limitations in any later-filed

petition, I also recommend that the Court grant Dennis leave to file an amended petition within 30 days of the Court's disposition of this Report & Recommendation. Dennis should be ordered to omit his unexhausted claims (Grounds One through Seven) from his amended petition.

Dated: December 18, 2019

Thomas M. Parker
United States Magistrate Judge

_____

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).