IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Reeco Dennis, | Case No. 1:19 CV 749 |
| Petitioner, | ORDER ADOPTING |
| -vs- | REPORT AND RECOMMENDATION |
| David Marquis, | JUDGE JACK ZOUHARY |
| Respondent. | |

Petitioner, a *pro* se state prisoner, was found guilty of rape and kidnapping by a Cuyahoga County jury in 2016 (Doc. 9 at 3). After unsuccessful state-level appeals, he filed a Section 2254 habeas Petition in April 2019 (Doc. 1) asserting nine grounds for relief. Respondent moved to dismiss grounds One through Seven (Doc. 9). Magistrate Judge Thomas Parker issued an R&R (Doc. 14) finding that Petitioner failed to exhaust those claims (*id.* at 9). Petitioner now objects (Doc. 15).

By failing to present grounds One through Seven to the Ohio Supreme Court, Petitioner defaulted them. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). He may only overcome default by "demonstrat[ing] cause for the default and actual prejudice as a result . . . or demonstrat[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 725 (1991). He argues the failure to exhaust was caused by ineffective assistance of his appellate counsel, who allegedly failed to notify him of the denial of his direct appeal (Doc. 15). However, Petitioner's ineffective-assistance-of-appellate-counsel argument cannot serve as cause for the default because he did not raise *that* argument in state court. *Edwards*

*v. Carpenter*, 529 U.S. 446, 451 (2000). Petitioner must have known about the denial by September 2017, at the latest, when he filed an application to reopen his appeal (Doc. 14 at 9). But did not raise the issue, and then waited until April 2019 to file his federal habeas petition, having only exhausted grounds Eight and Nine. Moreover, even if Petitioner could establish cause, each of the first seven grounds are either meritless, non-cognizable, or both (*see* Doc. 14 at 9–13) -- meaning he cannot establish prejudice. Petitioner next argues that failure to hear the non-exhausted claims would result in a fundamental miscarriage of justice (Doc. 15 at 2). However, he provides no new evidence of his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995) ("[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . not presented at trial.").

Because the Petition contains both exhausted and unexhausted claims, it must be dismissed entirely. *See Bowling v. Haeberlin*e, 246 F. App'x 303, 306 (6th Cir. 2007) ("[A] district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court.") (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).

Respondent's Motion (Doc. 9) is granted -- the Petition (Doc. 1) is dismissed. With respect to grounds Eight and Nine, Petitioner is granted leave to file a new Petition within thirty (30) days from the date of this Order -- omitting any reference to the unexhausted claims.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

January 3, 2020